Filed 11/22/23  P. v. Palacios CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE PALACIOS,<br><br>    Defendant and Appellant. | 2d Crim. No. B329788<br>(Super. Ct. No. BA165407)<br>(Los Angeles County) |

Jorge Palacios appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1172.6[1] (former section 1170.95).[2]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v.*

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

*Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in propria persona.  We affirm.

## Procedural Background

In 1998, a jury convicted appellant of second degree murder (§ 187, subd. (a), count 1), attempted murder (§§ 664/187, subd. (a), count 2), and mayhem (§ 203, count 3).  The jury also found true as to each count the allegation that appellant personally and intentionally discharged a firearm resulting in great bodily injury.  (§ 12022.53, subd. (d).)  The trial court sentenced appellant to 70 years to life.

We affirmed the conviction in a nonpublished opinion, (*People v. Palacios* (Oct. 21, 1999, B129567).)

In 2022, appellant filed a form petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel and ordered briefing.  Appellant submitted two letters to the trial court requesting the trial court consider that he was "totally disabled."

The trial court denied the petition finding there was no prima facie showing because appellant was the actual killer based on the record of conviction.

## Discussion

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th

496, 503.)  However, he is entitled to appellate consideration of any contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

In his supplemental brief, appellant asserts that he is "medically incapacitated with a condition that did not exist at the time of the original sentencing."  He contends his "diminished physical condition . . . reduce[s] the risk for future violence" and the "evidence" reflects that "continued incarceration is no longer in the interest of justice."  Appellant also asks this court to take into consideration that he was a "victim of child exploitation and intimidation" and cites newly enacted legislation, including Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), and Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1).

Appellant's contentions are meritless.

First, the recall or resentencing of an incarcerated person with a serious medical disability is triggered by a recommendation from the statewide chief medical executive of the Department of Corrections and Rehabilitation and is governed by the provisions set forth in section 1172.2.  Those provisions are not applicable here.

Second, appellant is not entitled to retroactive application of subsequently enacted ameliorative legislation because the judgment in his case has been final for more than 20 years.  (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

*Disposition*

The order denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

NOT TO BE PUBLISHED.

                                        YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

4

James R. Dabney, Judge
Superior Court County of Los Angeles
_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.